SDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___5/8/26___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TOHO CO., LTD.,

        Plaintiff,

v.

365CUSGIFTS, et al.,

        Defendants.

Civil Action No. 26-cv-2765

## PRELIMINARY INJUNCTION ORDER

The Court has considered Plaintiff's Motion To Show Cause As To Why A Preliminary Injunction Should Not Issue (the "<u>Motion to Show Cause</u>") and oral arguments made in the hearing. Based on the papers and other evidence submitted in support of the Motion to Show Cause, and for good cause shown, the Court makes the following findings of fact and conclusions of law:

## FACTUAL FINDINGS & CONCLUSIONS OF LAW

1.      Plaintiff is likely to prevail on its copyright and trademark infringement claims at trial.

2.      As a result of Defendants' misconduct, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries:

    a.  Defendants, without any authorization or license from Plaintiff, have knowingly, willfully, and deliberately infringed Plaintiff's GODZILLA IP in connection with the systematic advertisement, distribution, offering for sale, and sale of Infringing Products into the United States, including within this judicial district of New York, over the Internet through accounts with online marketplace platforms including PayPal and Shop Pay held by Defendants (the "<u>User Account(s)</u>").

    b.  Plaintiff has well-founded fears that more Infringing Products will appear in the marketplace using the same User Accounts or new and different User Accounts;

1

that consumers may be misled, confused and disappointed by the quality of these Infringing Products, resulting in injury to Plaintiff's reputation and goodwill and, in particular, the reputation and goodwill related to GODZILLA IP.

3. On balance, the potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a preliminary injunction order is issued, is far outweighed by the potential harm to Plaintiff, its business, and the goodwill and reputation built up in and associated with GODZILLA IP if a preliminary injunction order is not issued.

4. The public interest favors entry of a preliminary injunction to protect the public from being deceived by Defendants' sale of infringing products.

5. Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants and does not violate the Hague Service Convention as Defendants' addresses are unknown or unverifiable despite Plaintiff's due diligence.

## **ORDER**

The injunctive previously granted in the TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65, 17 U.S.C. § 502, and 15 U.S.C. § 1116(a). Based on the foregoing findings of fact and conclusions of law, Plaintiff's Motion to Show Cause is hereby **GRANTED** and it is **ORDERED** as follows:

1. As sufficient causes have been shown, Defendants are hereby enjoined and restrained from engaging in any of the following conduct pending the final hearing and determination of this action or until further order of the Court:

    a. Cease and refrain from manufacturing, advertising, offering for sale, selling, distributing, destroying, selling off, transferring, or otherwise disposing of any Infringing Products;

    b. Cease and refrain from manufacturing, advertising, offering to sell, selling,

reproducing, or distributing any goods utilizing the GODZILLA IP, or any confusingly similar goods, other than genuine products manufactured or distributed by Plaintiff or its authorized manufacturers and distributors;

c.    Cease and refrain from destroying, selling off, transferring, or otherwise disposing of any documents, electronically stored information, or financial records or assets of any kind relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any Infringing Products;

d.    Cease and refrain from using the GODZILLA IP on or in connection with any seller alias that any Defendant may own, operate, or control on any Marketplace;

e.    Cease and refrain from any and all use of the GODZILLA IP as metatags, on any webpage (including the title of any web page), in any advertising links to other websites, from search engines' databases or cache memory, or any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Seller Aliases registered, owned or operated by any Defendant on any Marketplace; and;

f.    Cease and refrain from altering, disabling, closing, or transferring ownership of any seller alias on any Marketplace.

### **Asset Restraint**

2.    As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

a.    within five (5) days of receipt of service of this Order, that any Financial Institutions such as (i) Amazon, (ii) PayPal, Inc. ("PayPal"), (iii) Payoneer, Inc ("Payoneer"), (iv) Ping Pong Global Solutions Inc ("Ping Pong"), (v)

Coinbase Global, Inc ("Coinbase"), and (vi) eBay (collectively referred to as the "Financial Institutions") shall locate all accounts associated with Defendants (the "Defendants' Accounts") and other assets belonging to Defendants, including any cryptocurrency (the "Defendants' Assets") and shall locate, attach, and restrain the transfer or disposing of monies or funds from Defendants' Accounts, as well as the transfer or disposing of Defendants' Assets, until further ordered by this Court. The Financial Institutions shall provide written confirmation of their compliance with the foregoing to Plaintiff.

### Expedited Discovery

3.      As sufficient cause has been shown, the expedited discovery order previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

a.      within five (5) days of receipt of service of this Order, the Financial Institutions shall provide the following information to Plaintiff's counsel (to the extent such information is in the Financial Institutions' possession, custody, or control): Identifying information for Defendants, including all available contact information (which shall include, if available, all known e-mail addresses and mailing addresses), as well as all associated account numbers and account balances, regardless of the platform or institution; Any User Accounts and/or online marketplace websites affiliated with Defendants that are not listed on Schedule A to the Complaint (and attached hereto); Information concerning any of Defendants' Accounts or Defendants' Assets including any and all related, connected or otherwise associated accounts or assets, regardless of the hosting platform or institution.

4.    As sufficient cause has been shown, Plaintiff is authorized to conduct expedited discovery, including that:

a.    Plaintiff may serve interrogatories and requests for production of documents, pursuant to Rules 26 and 33, and 34 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern District of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories and produce documents requested within seven (7) days of service to Plaintiff's counsel.

### Service by Electronic Mail and/or Electronic Publication

5.    Pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service of this Order and the Summons and Complaint may be made on, and shall be deemed effective as to Defendants and Third Parties if it is completed by the following means:

a.    Delivery of: (i) PDF copies of this Order together with the Summons and Complaint; (ii) a link to a website where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed by Plaintiff (the "Link") to Defendants' e-mail addresses as provided by the Financial Institutions or to the Financial Institutions if the Financial Institutions are unable to provide e-mail addresses.

### Security Bond

6.    The $1,500.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

### Application to Vacate or Dissolve

7.    Any Defendants that are subject to this Order may appear and move to dissolve or

modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by this Court.


Dated: May 8, 2026
     New York, New York

 

_____
VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

## Schedule A

| Doe No. | Seller Alias | Platform | Seller ID |
|---|---|---|---|
| 1 | 365CUSGIFTS | Amazon | AHT3YIXC41XHR |
| 2 | Articulozy | Amazon | A3UEQ5381W0RDE |
| 3 | BLAS WAGON | Amazon | ANHN2534JOVSA |
| 4 | caoshixiong | Amazon | A3GUA4SW9Q712U |
| 5 | DIY BY HENRIK | Amazon | A4N0C9CUJGLFD |
| 6 | Donggiao2007amztb | Amazon | A2DOFHPDNSG73N |
| 7 | Flickly Cat | Amazon | A3NJQFY53QKTYG |
| 8 | hefeihuatuxinxizixun | Amazon | A3B21KNI1901U2 |
| 9 | HKYFC | Amazon | A3IVO0Y79T24WC |
| 10 | JKK Toys | Amazon | A2JAG6ZPRWM1DW |
| 11 | OwenStoreArt | Amazon | A2YLZW0KVCOIMS |
| 12 | SazahaStore | Amazon | A61ZNQHS0D0R3 |
| 13 | UMISHOP | Amazon | A2J4N36RT1BDGS |
| 14 | UNRCOS DIRECT | Amazon | A3HYNZY9FOVQKW |
| 15 | Vothiphan | Amazon | A31YJMXAF1ISZJ |
| 16 | Wang Wei Kang | Amazon | A1G8U3X27U24K9 |
| 17 | WeitanCrafts Co., Ltd | Amazon | A23ZK543MUB0RL |
| 18 | Wuhanshiwangshenfushangmaoyouxiangongsi | Amazon | A2GPJXQHOKI16 |
| 19 | zhijiaoyusheng | Amazon | A3GW6ERTBJMA24 |
| 20 | Zhou 6985Zuliang | Amazon | A301BUT3TTR9CH |
| 21 | AISHVI JEWELS | Walmart | 101502086 |
| 22 | BLUE STAR JEWELLERY | Walmart | 102604383 |
| 23 | BRICK SHOP | Walmart | 102874144 |
| 24 | C-craft | Walmart | 101586150 |
| 25 | CONGCONG111 | Walmart | 101672668 |
| 26 | DIEU KHANG LTD | Walmart | 102576267 |
| 27 | DOO CREATIVE | Walmart | 102863756 |
| 28 | GALAXIMEX CO., LTD | Walmart | 102791998 |
| 29 | GameSitti | Walmart | 101545664 |
| 30 | GUTEE | Walmart | 102894097 |
| 31 | HONGJUNG | Walmart | 102925615 |
| 32 | HUTIESHANGMAO | Walmart | 102595042 |
| 33 | Jidong daily chemicals | Walmart | 102587647 |
| 34 | MINH THANH | Walmart | 102841733 |
| 35 | MOLIKE | Walmart | 102525722 |
| 36 | Plain Mode Store | Walmart | 102523512 |
| 37 | PrintCheer | Walmart | 102790813 |
| 38 | Printhood | Walmart | 102824975 |
| 39 | qiulengvp | Walmart | 101686471 |
| 40 | RXGTCCHA | Walmart | 102753938 |

| Doe No. | Seller Alias | Platform | Seller ID |
|---|---|---|---|
| 41 | SHOUPUI.LLC | Walmart | 102499354 |
| 42 | SYQSHOP | Walmart | 102629270 |
| 43 | VAN VIET | Walmart | 102841757 |
| 44 | Viora Jewels | Walmart | 102673855 |
| 45 | vzayy | Walmart | 102634141 |
| 46 | wenxikeji | Walmart | 102910885 |
| 47 | xiaoqintonghaoshuai | Walmart | 101645687 |
| 48 | xuanshiautosensor | Walmart | 101614104 |
| 49 | xuhankeji | Walmart | 102881778 |
| 50 | Zhimeixing | Walmart | 102514846 |
| 51 | adoemd | Temu | 634418215440799 |
| 52 | Blue Sky Art Studio | Temu | 634418224947870 |
| 53 | Flat flowers | Temu | 634418225129531 |
| 54 | Kioko | Temu | 634418225001269 |
| 55 | MatureGuyStyle | Temu | 634418222647935 |
| 56 | MuralHaven | Temu | 634418225776935 |
| 57 | N Loi decorative painting | Temu | 634418220225432 |
| 58 | Peace Diy Mouse | Temu | 634418223565469 |
| 59 | STRUCTURE BEAUTY | Temu | 634418224697718 |
| 60 | Hello Phone Case | Temu | 634418216710854 |
| 61 | avalahcase | Stand Alone | avalahcase.com |
| 62 | Eluviate Worldwide | Stand Alone | eluviate.threadless.com |
| 63 | Yooyapp | Stand Alone | yooyapp.online |
| 64 | DISMISSED | DISMISSED | DISMISSED |
| 65 | DISMISSED | DISMISSED | DISMISSED |