USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/15/26

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TOHO CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br><br>Defendants. | Civil Action No. 26-cv-02765 |

**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

This matter comes before the Court upon Motion by Plaintiff Toho Co., Ltd., ("Plaintiff") for entry of a default judgment and permanent injunction against the Defendants identified on Schedule "A"[1] hereto (hereinafter referred to as "Defaulting Defendants") for Defaulting Defendants' trademark and copyright infringement arising out of Defaulting Defendants' using Plaintiff's federally registered trademarks and copyrights (collectively "Plaintiff's IP") in a willful attempt to pass off their goods as genuine versions of Plaintiff's goods (collectively, the "Infringing Products") in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying offering for sale, and/or selling Infringing Products.

Plaintiff's IP consists of U.S. Trademark Registration Nos. 1,161,858; 1,858,403; 2,134,696; 2,211,328; 2,360,489; 4,183,291; 5,093,240; 6,172,295; and 7,245,324 (the "GODZILLA Marks") and U.S. Copyright Registration Nos. PA0000785448; PA0000152335;

[1] Defendants excluded from this Order are listed as "**EXCEPTED**" as these Defendants are subject to separate judgment orders and Defendants previously dismissed are listed as "**DISMISSED**."

PA0000187943; PA0000157725; PA0000276046; PA0000967584; PA0001036332; PA0001265507; PA0000172648; PA0000152333; PA0000465312; PA0000796965; PA0000382931; PA0000426964; PA0000595595; PA0000796966; PA0000382933; PA0001035743; PA0000382929; PA0000796964; PA0000782264; LP0000029676; PA0001372864; PA0001232751; PA0001195981; PA0001151212; PA0002049886; and PA0000152334 (the "GODZILLA Works").

The Court, having considered the Plaintiff's Motion for Default Judgment and Permanent Injunction, the Certificates of Service of the Summons and Complaint, the Entries of Default by the Clerk of Courts, and upon all other pleadings and papers on file in this Action, it is hereby ORDERED as follows (hereinafter, "Order"):

The Court finds that service was properly effected under Federal Rules of Civil Procedure 4(f)(3) and 4(h)(2), the Court's alternative-service order, and due process because Defaulting Defendants' physical addresses were unknown after reasonable investigation and electronic service was reasonably calculated to provide notice.

The Court may exercise personal jurisdiction over Defaulting Defendants pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) and New York C.P.L.R. § 302(a)(1) and (a)(3), or alternatively pursuant to Federal Rule of Civil Procedure 4(k)(2), because Defaulting Defendants conduct, transact, and solicit business through fully interactive commercial internet stores; target consumers in the United States, including New York and this Judicial District; and accept orders from and offer to ship Infringing Products to addresses in this Judicial District. On the admitted allegations, exercising personal jurisdiction over Defaulting Defendants comports with due process and traditional notions of fair play and substantial justice.

## I. DEFAULTING DEFENDANTS' LIABILITY

Judgment is granted in favor of Plaintiff on all claims asserted against Defaulting Defendants listed on the Schedule A attached hereto.

On default, the well-pleaded factual allegations of the Complaint are deemed admitted. Based on the record, Plaintiff has established ownership of valid trademarks and valid copyrights in the works identified in the Complaint and that Defendants copied protectable elements of those works by reproducing, distributing, and selling infringing goods through online storefronts.

Plaintiff has further shown that Defendants' infringement was willful, including through concealment of identity, use of aliases, and operation of online stores marketing unauthorized goods bearing copies, reproductions, and imitations of the GODZILLA Marks and GODZILLA Works. Accordingly, Defendants are liable for willful trademark and copyright infringement under 15 U.S.C. § 1114, 17 U.S.C. § 501, and the Lanham Act §43(a), 15 U.S.C. § 1125(a).

## II. DAMAGE AWARDS

This Court finds that Defaulting Defendants are liable for willful copyright infringement (17 U.S.C. § 504(c)) and willful trademark infringement (15 U.S.C. § 1117(c)). Pursuant to 17 U.S.C. § 504(c), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of fifty thousand dollars ($50,000) for willful infringing use of the GODZILLA Works on Infringing Products sold by Defaulting Defendants. Pursuant to 15 U.S.C. § 1117(c), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of fifty thousand dollars ($50,000) for willful infringing use of counterfeit GODZILLA Marks on Infringing Products sold by Defaulting Defendants. These awards shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the

Complaint and Schedule A. The Defaulting Defendants are the 50 Defendants so identified on Schedule A; judgment is entered in the amount of $100,000 for each Defaulting Defendant.

## III. PERMANENT INJUNCTION

IT IS HEREBY ORDERED that each Defaulting Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defaulting Defendant having notice of this Default Judgment Order shall be permanently restrained and enjoined from:

a. using Plaintiff's IP in any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine product of the Plaintiff or not authorized by Plaintiff to be sold;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine product of the Plaintiff or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale;

c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks

or copyrights, including Plaintiff's IP, or any reproductions, infringing copies, or colorable imitations.

IT IS FURTHER ORDERED that online marketplace platforms, payment processors, and other service providers associated with Defaulting Defendants' online marketplace accounts and storefronts (collectively, the "Third Party Providers"), are permanently enjoined and restrained from:

e. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defaulting Defendants' assets from or to financial accounts associated with or utilized by any Defaulting Defendant or any Defaulting Defendant's financial accounts or merchant storefronts (whether said account is located in the U.S. or abroad).

IT IS FURTHER ORDERED that the Third-Party Providers and any other financial institutions providing services for Defendants shall be permanently restrained and enjoined from engaging in any of the following acts or omissions:

f. Providing services to Defaulting Defendants, Defaulting Defendants' financial accounts and Defaulting Defendants' merchant storefronts, including, without limitation, continued operation of Defaulting Defendants' financial accounts and merchant storefronts which are connected in any way in the distribution, marketing, advertising, offering for sale, or sale of any products; and shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products which use Plaintiff's trademarks or copyrights including Plaintiff's IP.

## IV. POST-JUDGMENT ASSET TRANSFER AND ASSET FREEZE ORDER

IT IS FURTHER ORDERED that in accordance with Rule 64 of the Federal Rules of Civil Procedure; 17 U.S.C. § 502(a), and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, Defaulting Defendants' assets from Defaulting Defendants' financial accounts that were and/or are attached and frozen or restrained pursuant to the Temporary Restraining Order and/or Preliminary Injunction Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action (collectively, "Defaulting Defendants' Frozen Assets" and "Defaulting Defendants' Frozen Accounts"), are, to the extent that a given Defaulting Defendant's Frozen Assets equal or exceed that Defaulting Defendant's individual damages award, hereby released and transferred to Plaintiff as full satisfaction of that Defaulting Defendant's individual damages award. That Defaulting Defendant's Frozen Assets shall be transferred to Plaintiff through Plaintiff's counsel within twenty (20) business days following service of this Default Judgment Order. Upon receipt by Plaintiff's counsel of such Defaulting Defendant's Frozen Assets in full satisfaction of that Defaulting Defendant's individual damages award, the Third-Party Provider holding that Defaulting Defendant's Frozen Assets and Defaulting Defendant's Frozen Accounts may unfreeze that Defaulting Defendant's Frozen Assets and Defaulting Defendant's Frozen Accounts. To the extent that a Defaulting Defendant's Frozen Assets are less than that Defaulting Defendant's individual damages award, that Defaulting Defendant's Frozen Assets are hereby released and transferred to Plaintiff as partial satisfaction of that Defaulting Defendant's individual damages award and those Defaulting Defendant's Frozen Assets shall be transferred to Plaintiff, by the Third-Party Provider through Plaintiff's counsel forthwith.

IT IS FURTHER ORDERED that in accordance with Rule 64 of the Federal Rules of Civil Procedure and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, the Court also hereby grants Plaintiff's request for a post-judgment restraining order continuing the attachment of each Defaulting Defendant's Frozen Assets until Plaintiff has recovered the full payment of the Defaulting Defendants' individual damages award owed to it by that Defaulting Defendant under this Order, or until further order of this Court.

IT IS FURTHER ORDERED that in accordance with this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order:

g. until Plaintiff has recovered the full payment of the Defaulting Defendants' individual damages award owed to it by any Defaulting Defendant under this Order, in the event that Plaintiff discovers new and/or additional Defaulting Defendants' assets (whether said assets are located in the U.S. or abroad) and/or Defaulting Defendants' financial accounts (whether said account is located in the U.S. or abroad) ("Defaulting Defendants' Additional Assets" and "Defaulting Defendants' Additional Financial Accounts," respectively), Plaintiff shall have the ongoing authority to serve this Order on any Third Party Providers controlling or otherwise holding such Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts;

h. upon notice of this Order, Third Party Providers holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall immediately locate Defaulting Defendants' Additional Financial Accounts, attach and restrain such Defaulting

Defendants' Additional Assets in Defaulting Defendants' Additional Financial Accounts from being secreted, concealed, transferred or disposed of or withdrawn; and,

i. no later than after twenty (20) business days following the service of this Order on Third Party Providers holding Defaulting Defendants' Additional Assets and/or Financial Accounts, Third Party Providers holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall transfer all Defaulting Defendants' Additional Assets to Plaintiff as partial or full satisfaction of the Defaulting Defendants' individual damages award, unless Defaulting Defendant has filed with this Court and served upon Plaintiff's counsel a request that such Defaulting Defendants' Additional Assets be exempted from this Order; at the time the funds are transferred, Third Party Providers holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall provide to Plaintiff a breakdown reflecting: the (i) total funds restrained in this matter per Defaulting Defendant; (ii) the total chargebacks, refunds, and/or transaction reversals deducted from each Defaulting Defendant's funds, restrained prior to release; and (iii) the total funds transferred per Defaulting Defendant to the Plaintiff.

## V. MISCELLANEOUS RELIEF

a. Upon Plaintiff's request, the Third-Party Provider(s) shall disable and/or cease facilitating access to the Seller IDs identified on Schedule A hereto, including tombstoning, deleting, and/or suspending identified product listings, and any other alias seller identification names being used to offer for sale and/or sell Infringing Products;

b. The Plaintiff may serve this injunction on any e-mail service provider with a request that the service provider permanently suspend the e-mail addresses which are used by the Defendants in connection with the Defendants' promotion, offering for sale, and/or sale of Infringing Products;

c. Upon the Plaintiff's request, any online marketplace platform, website operator and/or administrator who is in possession, custody, or control of the Defendants' Infringing Products shall permanently cease fulfillment of and sequester those goods, and surrender the same to the Plaintiff;

d. Any failure by Defaulting Defendants to comply with the terms of this Default Judgment Order may be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

e. Interest from the date of entry of this Judgment shall accrue at the legal rate pursuant to 28 U.S.C. § 1961;

f. The full amount of any surety bond posted by Plaintiff is hereby released to Plaintiff or its counsel, Whitewood Law PLLC. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Plaintiff or its counsel;

g. Plaintiff shall serve the Defaulting Defendants with a copy of this Order in accordance with the Alternative Service Order; and,

h. This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Judgment and permanent injunction.

**SO ORDERED** this __15__ day of _October_, 2026.

______________________________
**Hon. Victor Marrero**
**United States District Judge**

## SCHEDULE A

| Doe No. | Seller Alias | Platform | Seller ID |
|---|---|---|---|
| 1 | DISMISSED | DISMISSED | DISMISSED |
| 2 | DISMISSED | DISMISSED | DISMISSED |
| 3 | BLAS WAGON | Amazon | ANHN2534JOVSA |
| 4 | DISMISSED | DISMISSED | DISMISSED |
| 5 | DISMISSED | DISMISSED | DISMISSED |
| 6 | Donggiao2007amztb | Amazon | A2DOFHPDNSG73N |
| 7 | Flickly Cat | Amazon | A3NJQFY53QKTYG |
| 8 | hefeihuatuxinxizixun | Amazon | A3B21KNI1901U2 |
| 9 | DISMISSED | DISMISSED | DISMISSED |
| 10 | JKK Toys | Amazon | A2JAG6ZPRWM1DW |
| 11 | OwenStoreArt | Amazon | A2YLZW0KVCOIMS |
| 12 | SazahaStore | Amazon | A61ZNQHS0D0R3 |
| 13 | DISMISSED | DISMISSED | DISMISSED |
| 14 | DISMISSED | DISMISSED | DISMISSED |
| 15 | Vothiphan | Amazon | A31YJMXAF1ISZJ |
| 16 | Wang Wei Kang | Amazon | A1G8U3X27U24K9 |
| 17 | WeitanCrafts Co., Ltd | Amazon | A23ZK543MUB0RL |
| 18 | Wuhanshiwangshenfushangmaoyou xiangongsi | Amazon | A2GPJXQHOKI16 |
| 19 | DISMISSED | DISMISSED | DISMISSED |
| 20 | Zhou 6985Zuliang | Amazon | A301BUT3TTR9CH |
| 21 | AISHVI JEWELS | Walmart | 101502086 |
| 22 | BLUE STAR JEWELLERY | Walmart | 102604383 |
| 23 | BRICK SHOP | Walmart | 102874144 |
| 24 | C-craft | Walmart | 101586150 |
| 25 | DISMISSED | DISMISSED | DISMISSED |
| 26 | DIEU KHANG LTD | Walmart | 102576267 |
| 27 | DOO CREATIVE | Walmart | 102863756 |
| 28 | GALAXIMEX CO., LTD | Walmart | 102791998 |
| 29 | GameSitti | Walmart | 101545664 |
| 30 | GUTEE | Walmart | 102894097 |
| 31 | HONGJUNG | Walmart | 102925615 |
| 32 | HUTIESHANGMAO | Walmart | 102595042 |
| 33 | Jidong daily chemicals | Walmart | 102587647 |
| 34 | MINH THANH | Walmart | 102841733 |
| 35 | MOLIKE | Walmart | 102525722 |
| 36 | Plain Mode Store | Walmart | 102523512 |
| 37 | PrintCheer | Walmart | 102790813 |
| 38 | Printhood | Walmart | 102824975 |
| 39 | qiulengvp | Walmart | 101686471 |

| Doe No. | Seller Alias | Platform | Seller ID |
|---|---|---|---|
| 40 | RXGTCCHA | Walmart | 102753938 |
| 41 | SHOUPUI.LLC | Walmart | 102499354 |
| 42 | DISMISSED | DISMISSED | DISMISSED |
| 43 | VAN VIET | Walmart | 102841757 |
| 44 | Viora Jewels | Walmart | 102673855 |
| 45 | DISMISSED | DISMISSED | DISMISSED |
| 46 | wenxikeji | Walmart | 102910885 |
| 47 | xiaoqintonghaoshuai | Walmart | 101645687 |
| 48 | xuanshiautosensor | Walmart | 101614104 |
| 49 | xuhankeji | Walmart | 102881778 |
| 50 | Zhimeixing | Walmart | 102514846 |
| 51 | adoemd | Temu | 634418215440799 |
| 52 | Blue Sky Art Studio | Temu | 634418224947870 |
| 53 | DISMISSED | DISMISSED | DISMISSED |
| 54 | Kioko | Temu | 634418225001269 |
| 55 | MatureGuyStyle | Temu | 634418222647935 |
| 56 | MuralHaven | Temu | 634418225776935 |
| 57 | N Loi decorative painting | Temu | 634418220225432 |
| 58 | Peace Diy Mouse | Temu | 634418223565469 |
| 59 | STRUCTURE BEAUTY | Temu | 634418224697718 |
| 60 | Hello Phone Case | Temu | 634418216710854 |
| 61 | avalahcase | Stand Alone | avalahcase.com |
| 62 | DISMISSED | DISMISSED | DISMISSED |
| 63 | Yooyapp | Stand Alone | yooyapp.online |
| 64 | DISMISSED | DISMISSED | DISMISSED |
| 65 | DISMISSED | DISMISSED | DISMISSED |